# United States District Court
## Violation Notice
(Rev.1/2019)

| Location Code | Violation Number | Officer Name | Officer No. |
|---|---|---|---|
| A51 | FDVI007V | Roper | 2331 |

### YOU ARE CHARGED WITH THE FOLLOWING VIOLATION

| Date and Time of Offense | Offense Charged | ☐CFR ☐USC ☐State Code |
|---|---|---|
| 04/08/2023   08:30 | FED   36CFR   261.3A | |

**Place of Offense**
FR 9571 & HWY 89A

**Offense Description: Factual Basis for Charge**    HAZMAT ☐

THREATEN/RESIST/INTIMIDATE/INTERFERE WITH A FOREST OFFICER ENGAGED IN HIS OFFICIAL DUTIES IN THE PROTECTION, IMPROVEMENT, OR ADMINISTRATION OF THE NATIONAL FOREST SYSTEM

### DEFENDANT INFORMATION   Phone:

| Last Name | First Name | M.I. |
|---|---|---|
| DORIA | DANIEL | T |

**Street Address**

| City | State | Zip Code | Date of Birth (mm/dd/yyyy) |
|---|---|---|---|
| CAMP VERDE | AZ | 86322 | 1983 |

| Drivers License No | CDL ☐ | D.L. State | Social Security No. |
|---|---|---|---|
| | | AZ | 3751 |

| ☒Adult ☐Juvenile | Sex ☒ Male ☐ Female | Hair BR | Eyes HA | Height 5'10" | Weight 225 |
|---|---|---|---|---|---|

### VEHICLE   VIN:                                                                 CMV ☐

| Tag No. | State | Year | Make/Model | PASS ☐ | Color |
|---|---|---|---|---|---|
| | AZ | 2003 | BMW | | GRY |

| APPEARANCE IS REQUIRED | APPEARANCE IS OPTIONAL |
|---|---|
| A ☒ If Box A is checked, you must appear in court. See instructions. | B ☐ If Box B is checked, you must pay the total collateral due or in lieu of payment appear in court. See instructions. |

| | |
|---|---|
| | Forfeiture Amount |
| $30.00 | Processing Fee |
| **PAY THIS AMOUNT AT** www.cvb.uscourts.gov → | Total Collateral Due |

### YOUR COURT DATE
(If no court appearance date is shown, you will be notified of your appearance date by mail.)

| Court Address | Date (mm/dd/yyyy) |
|---|---|
| 123 N. San Francisco St | |
| Flagstaff, AZ 86001 | Time (hh:mm) 10:00 |

My signature signifies that I have received a copy of this violation notice. It is not an admission of guilt. I promise to appear for the hearing at the time and place instructed or in lieu of appearance pay the total collateral due.

X Defendant Signature _____

Officer's Copy (Pink)

---

## STATEMENT OF PROBABLE CAUSE
(For issuance of an arrest warrant or summons)

I state that on April 8, 2023 while exercising my duties as a law enforcement officer in the _____ District of AZ

I state than on April 8, 2023 while exercising my duties as a Law Enforcement Officer in the District of Arizona I, USDA Forest Service Law Enforcement Officer (LEO) Roper, was on uniformed patrol in a marked patrol vehicle within the jurisdiction of the Coconino National Forest.

At approximately 0945 hours I received a report from USFS recreation employee Larry Duhamel that he contacted a camper (later identified by AZ ID as Daniel DORIA) who "made threats" and was "very hostile" at the intersection of Highway 89A and Forest Route 9571. Upon further discussion, employee Duhamel stated that he was patrolling with coworker Andrew Rice, and they provided the following information: They contacted several camps in the area, informing them that they were camping in a prohibited area. The other camps were compliant, but when they reached DORIA's site, DORIA was immediately verbally aggressive. Employee Duhamel initially contacted DORIA alone, and DORIA told him 'I have dealt with people like you before' and that he (DORIA) felt harassed, and he would not listen to what the employees had to say because they had no authority over him. Employee Rice had remained in the marked USFS truck, but when he saw the contact escalating, he also got out of the truck. Employee Duhamel stated that he was just trying to let DORIA know about the 14-day camping limit here. DORIA stated something to the effect of "well then why don't you come back in 14 days and I'll show you what I think of that!" Both Rice and Duhamel were emphatic that they believed that statement was a veiled threat to them. Employee Duhamel stated that when DORIA started to go back to his trailer he rushed back to his truck and out of the campsite, fearing that DORIA may be going inside to retrieve a weapon to do them harm.

Employees Rice and Duhamel were in USFS uniforms, and they were driving a marked USFS truck. Employee Duhamel is a Forest Protection Officer, who is authorized to write violation notices for observed violations of 36 CFR to compliant individuals.

Employees Rice and Duhamel both stated that they felt intimidated by DORIA's comments, as well as the aggressive way that he approached them and delivered his comments. They both also stated that DORIA's aggression and threats caused them to depart the area prior to them completing the work that they had come to do, just to maintain their own safety. I interviewed the employees nearly 5 hours after they contacted DORIA, and even over the phone, it sounded like both employees were "shaken" or "rattled" by the incident. Employee Duhamel was concerned enough about DORIA's threatening behavior that he sent a message to all staff working that day to not contact the camp, and he sent a picture and location with his notification.

[See continued report on attached form]

The foregoing statement is based upon:

MY PERSONAL INVESTIGATION

I declare under penalty of perjury that the information which I have set forth above and on the face of this violation notice is true and correct to the best of my knowledge.

Executed on:   04/08/2023                 *C. Roper*
              Date (mm/dd/yyyy)          Officer's Signature

☒ Probable cause has been stated for the issuance of a warrant.

Executed on:   **Camille D Bibles**  Digitally signed by Camille D Bibles
                                     Date: 2023.04.09 07:59:20 -07'00'
              Date (mm/dd/yyyy)          U.S. Magistrate Judge

**HAZMAT** = Hazardous material involved in incident; **PASS** = 9 or more passenger vehicle; **CDL** = Commercial drivers license;   **CMV** = Commercial vehicle involved in incident

---

23-04082-MJ-01-PCT-CDB



## USDA    STATEMENT OF PROBABLE CAUSE
### Forest Service

CASE NUMBER
**FDVI007V**

| FOREST | ADDRESS |
|---|---|
| Coconino National Forest | 8375 State Route 179, PO Box 20429, Sedona, AZ 86341 |

I state than on April 8, 2023 while exercising my duties as a Law Enforcement Officer in the District of Arizona I, USDA Forest Service Law Enforcement Officer (LEO) Roper, was on uniformed patrol in a marked patrol vehicle within the jurisdiction of the Coconino National Forest.

At approximately 0945 hours I received a report from USFS recreation employee Larry Duhamel that he contacted a camper (later identified by AZ ID as Daniel DORIA) who "made threats" and was "very hostile" at the intersection of Highway 89A and Forest Route 9571. Upon further discussion, employee Duhamel stated that he was patrolling with coworker Andrew Rice, and they provided the following information: They contacted several camps in the area, informing them that they were camping in a prohibited area. The other camps were compliant, but when they reached DORIA's site, DORIA was immediately verbally aggressive. Employee Duhamel initially contacted DORIA alone, and DORIA told him 'I have dealt with people like you before' and that he (DORIA) felt harassed, and he would not listen to what the employees had to say because they had no authority over him. Employee Rice had remained in the marked USFS truck, but when he saw the contact escalating, he also got out of the truck. Employee Duhamel stated that he was just trying to let DORIA know about the 14-day camping limit here. DORIA stated something to the effect of "well then why don't you come back in 14 days and I'll show you what I think of that!" Both Rice and Duhamel were emphatic that they believed that statement was a veiled threat to them. Employee Duhamel stated that when DORIA started to go back to his trailer he rushed back to his truck and out of the campsite, fearing that DORIA may be going inside to retrieve a weapon to do them harm.

Employees Rice and Duhamel were in USFS uniforms, and they were driving a marked USFS truck. Employee Duhamel is a Forest Protection Officer, who is authorized to write violation notices for observed violations of 36 CFR to compliant individuals.

Employees Rice and Duhamel both stated that they felt intimidated by DORIA's comments, as well as the aggressive way that he approached them and delivered his comments. They both also stated that DORIA's aggression and threats caused them to depart the area prior to them completing the work that they had come to do, just to maintain their own safety. I interviewed the employees nearly 5 hours after they contacted DORIA, and even over the phone, it sounded like both employees were "shaken" or "rattled" by the incident. Employee Duhamel was concerned enough about DORIA's threatening behavior that he sent a message to all staff working that day to not contact the camp, and he sent a picture and location with his notification. This early departure meant that the employees were not able to accomplish the work that they had been tasked with by the Forest Service, to include: educating DORIA about camping, sanitation, and fire regulations; getting DORIA to move to an area where camping is allowed; and photographing and documenting DORIA's SUV and trailer in the Land in Hand app, which is used to track campers and associated camping or fire violations on the Coconino National Forest.

When employee Duhamel initially reported the incident to me, I immediately recognized the trailer and SUV from multiple other contacts and alerts that I had received from multiple other agencies. Since January 2023, DORIA has been contacted by Camp Verde Marshal's Office (January-March), Prescott National Forest USFS LEO's (March 2023), Yavapai Apache Police Department (YAPD, April 2023), and myself, and LEO on the Coconino National Forest. After each contact, I received officer safety alerts from each agency about DORIA's verbally aggressive behavior, and signs that he may be a part of the sovereign citizen movement. DORIA is suspected of having lived on the Prescott National Forest for nearly a month, in an area that is closed to all camping. While DORIA had his trailer set up in this no camping area, he was contacted by a USFS recreation employee on March 6th who also reported that she was intimidated by DORIA and requested law enforcement assistance. YAPD requested assistance with contacting DORIA on April 4, 2023 due to the fact that DORIA would not depart their lands, stating that he was on National Forest System lands and they had no authority. They also requested our assistance due to DORIA's verbally aggressive behavior, to maintain their safety. We felt that he was such an



| USDA Forest Service | STATEMENT OF PROBABLE CAUSE | CASE NUMBER FDVI007V |
|---|---|---|

officer safety risk that we contacted him with 3 uniformed officers and one agent on a covert surveillance assignment. DORIA was verbally aggressive again with myself and the tribal officers.

I issued DORIA a violation notice for a violation of 36 CFR 261.3 (a), Threatening, resisting, intimidating, or interfering with any forest officer engaged in or on account of the performance of his official duties in the protection, improvement, or administration of the National Forest System is prohibited. RUBIO was also charged with a violation of 36 CFR 261. 10 (b), residential use of National Forest System lands, and 36 CFR 261. 58 (e), camping in a prohibited area. DORIA was issued a warning for 21 USC 844, possession of a controlled substance -marijuana.

The foregoing is based upon:
- **X**  My personal observations.
- ___  My personal investigation.
- ___  Information supplied to me from a fellow officer's observations.
- ___  Other (explained above).

I declare under penalty of perjury that the information which I have set forth above and on the face of the Violation Notice is true and correct to the best of my knowledge.

Executed on April 8, 2023

*C. Roper*

_____
Law Enforcement Officer C. Roper

Probable Cause has been stated for the issuance of a summons or a warrant for the arrest of the violator named or identified herein.

Camille D Bibles
Digitally signed by Camille D Bibles
Date: 2023.04.09 08:00:17 -07'00'

_____   _____
(Date)                                              (United States Magistrate-Judge)

# United States District Court
## Violation Notice
(Rev. 1/2019)

| Location Code | Violation Number | Officer Name | Officer No. |
|---|---|---|---|
| A51 | FDVI007W | Roper | 2331 |

### YOU ARE CHARGED WITH THE FOLLOWING VIOLATION

| Date and Time of Offense | Offense Charged | ☐CFR ☐USC ☐State Code |
|---|---|---|
| 04/08/2023  15:15 | FED  36CFR  261.10B | |

**Place of Offense**
FR 9571 & HWY 89A

**Offense Description: Factual Basis for Charge**   HAZMAT ☐
CONSTRUCT/RECONSTRUCT/IMPROVE/MAINTAIN/OCCUPY/USE A RESIDENCE ON NATIONAL FOREST SYSTEM LANDS WITHOUT AUTHORIZATION

### DEFENDANT INFORMATION   Phone: (

| Last Name | First Name | M.I. |
|---|---|---|
| DORIA | DANIEL | T |

**Street Address**

| City | State | Zip Code | Date of Birth (mm/dd/yyyy) |
|---|---|---|---|
| CAMP VERDE | AZ | 86322 | 1983 |

| Drivers License No. | CDL ☐ | D.L. State | Social Security No. |
|---|---|---|---|
| | | AZ | 51 |

☒ Adult ☐ Juvenile   Sex ☒ Male  ☐ Female   Hair BR  Eyes HA  Height 5'10"  Weight 225

### VEHICLE   VIN:   CMV ☐

| Tag No. | State | Year | Make/Model   PASS ☐ | Color |
|---|---|---|---|---|
| | AZ | 2003 | BMW | GRY |

**APPEARANCE IS REQUIRED** | **APPEARANCE IS OPTIONAL**

A ☒ If Box A is checked, you must appear in court. See instructions.
B ☐ If Box B is checked, you must pay the total collateral due or in lieu of payment appear in court. See instructions.

| | |
|---|---|
| Forfeiture Amount | |
| $30.00 | Processing Fee |
| **Total Collateral Due** | |

**PAY THIS AMOUNT AT**
www.cvb.uscourts.gov →

### YOUR COURT DATE
(If no court appearance date is shown, you will be notified of your appearance date by mail.)

| Court Address | Date (mm/dd/yyyy) |
|---|---|
| 123 N. San Francisco St | |
| Flagstaff, AZ 86001 | Time (hh:mm)  10:00 |

My signature signifies that I have received a copy of this violation notice. It is not an admission of guilt. I promise to appear for the hearing at the time and place instructed or in lieu of appearance pay the total collateral due.

X Defendant Signature _____

Officer's Copy (Pink)

---

## STATEMENT OF PROBABLE CAUSE
(For issuance of an arrest warrant or summons)

I state that on **April 8, 2023** while exercising my duties as a law enforcement officer in the _____ District of ____ AZ

I state than on April 8, 2023 while exercising my duties as a Law Enforcement Officer in the District of Arizona I, USDA Forest Service Law Enforcement Officer (LEO) Roper, was on uniformed patrol in a marked patrol vehicle within the jurisdiction of the Coconino National Forest.

At approximately 1500 hours I contacted Daniel DORIA (identified by AZ ID card) at his camp near Forest Route (FR) 9571 and Highway 89A. A USFS recreation employee contacted me earlier that day to report that he felt threatened by DORIA when he was patrolling that road and educating campers about the camping closure there. Upon arriving, I spoke with DORIA about the purpose and length of his stay at that location. DORIA informed me that he had been camped there since approximately Wednesday, April 5, 2023. This was corroborated by a neighboring camper who stated that he arrived at the same location on Thursday April 6, 2023, and this neighbor reported that DORIA was already camping at that location by the time he arrived and had been there every day since Thursday.

I had a prior contact with DORIA on April 4, 2023. At that time I was assisting Yavapai Apache Police (YAPD), due to the fact that DORIA was camping on their land illegally, and DORIA stated his intention to move less than 100 feet away onto adjoining National Forest System lands. During the course of that contact I educated DORIA about the camping stay limit regulations, no residential use on National Forest System lands, fire restrictions, sanitation, and I provided him with a Coconino National Forest MVUM as well as a Red Rock District Recreation Guide.

It was during this contact on April 4th that I heard DORIA, speaking to YAPD officers, referring to his trailer as a home. DORIA asked about the legality of camping on the National Forest lands adjacent to the tribal lands that he was currently on. To answer his question more completely, I asked DORIA where he lived. He stated that he lives in various places in Camp Verde, in his trailer. On multiple occasions, he referred to his trailer as his "home" or "house." I also had information through prior contacts with Camp Verde Marshal's Office and Prescott National Forest LEO's that DORIA had been evicted from a trailer park in Camp Verde, he then drove down the same road and began living on the Prescott National Forest, before coming to Yavapai-Apache Tribal lands and ultimately the Coconino National Forest. DORIA informed me that he not only lives in his trailer, but he is also a full-time student from his trailer, and he uses it to run a for-profit and not-for-profit dog care business out of it.

[See continued report on attached form]

The foregoing statement is based upon:
**MY PERSONAL INVESTIGATION**

I declare under penalty of perjury that the information which I have set forth above and on the face of this violation notice is true and correct to the best of my knowledge.

Executed on: **04/08/2023**    C. Roper
Date (mm/dd/yyyy)    Officer's Signature

☒ Probable cause has been stated for the issuance of a warrant.

Executed on: **Camille D Bibles**  Digitally signed by Camille D Bibles  Date: 2023.04.09 08:02:52 -07'00'
Date (mm/dd/yyyy)    U.S. Magistrate Judge

**HAZMAT** = Hazardous material involved in incident; **PASS** = 9 or more passenger vehicle;
**CDL** = Commercial drivers license;    **CMV** = Commercial vehicle involved in incident



## USDA  STATEMENT OF PROBABLE CAUSE
### Forest Service

CASE NUMBER
**FDVI007W**

| FOREST | ADDRESS |
|---|---|
| Coconino National Forest | 8375 State Route 179, PO Box 20429, Sedona, AZ 86341 |

I state than on April 8, 2023 while exercising my duties as a Law Enforcement Officer in the District of Arizona I, USDA Forest Service Law Enforcement Officer (LEO) Roper, was on uniformed patrol in a marked patrol vehicle within the jurisdiction of the Coconino National Forest.

At approximately 1500 hours I contacted Daniel DORIA (identified by AZ ID card) at his camp near Forest Route (FR) 9571 and Highway 89A. A USFS recreation employee contacted me earlier that day to report that he felt threatened by DORIA when he was patrolling that road and educating campers about the camping closure there. Upon arriving, I spoke with DORIA about the purpose and length of his stay at that location. DORIA informed me that he had been camped there since approximately Wednesday, April 5, 2023. This was corroborated by a neighboring camper who stated that he arrived at the same location on Thursday April 6, 2023, and this neighbor reported that DORIA was already camping at that location by the time he arrived and had been there every day since Thursday.

I had a prior contact with DORIA on April 4, 2023. At that time I was assisting Yavapai Apache Police (YAPD), due to the fact that DORIA was camping on their land illegally, and DORIA stated his intention to move less than 100 feet away onto adjoining National Forest System lands. During the course of that contact I educated DORIA about the camping stay limit regulations, no residential use on National Forest System lands, fire restrictions, sanitation, and I provided him with a Coconino National Forest MVUM as well as a Red Rock District Recreation Guide.

It was during this contact on April 4th that I heard DORIA, speaking to YAPD officers, referring to his trailer as a home. DORIA asked about the legality of camping on the National Forest lands adjacent to the tribal lands that he was currently on. To answer his question more completely, I asked DORIA where he lived. He stated that he lives in various places in Camp Verde, in his trailer. On multiple occasions, he referred to his trailer as his "home" or "house." I also had information through prior contacts with Camp Verde Marshal's Office and Prescott National Forest LEO's that DORIA had been evicted from a trailer park in Camp Verde, he then drove down the same road and began living on the Prescott National Forest, before coming to Yavapai-Apache Tribal lands and ultimately the Coconino National Forest. DORIA informed me that he not only lives in his trailer, but he is also a full-time student from his trailer, and he uses it to run a for-profit and not-for-profit dog care business out of it. I informed DORIA that it sounded like he was intending to use National Forest System lands for a residential purpose, which was prohibited and would result in arrest or citation. DORIA became irate, telling me that I was an "asshole" for playing semantic games with him, and that I couldn't tell him what to do and only a judge could make the determination of what is camping versus residential use.

On this contact on April 8th, DORIA wanted to let me know that he had no intention of camping longer than 14 days. DORIA stated that he already had a U-Haul truck reserved for his 14th day to get his trailer moved, since he could not tow it with his SUV. DORIA stated that he intended to make a circuit out of spending 14 days each on the Coconino, and Prescott National Forests, as well as BLM's Agua Fria National Monument. After his arrest but prior to jail booking, DORIA also stated that he had been in communication with the USDA, Northern Arizona University, and Yavapai College to look for additional housing options where he could legally live in his trailer.

I arrested DORIA for a violation of 36 CFR 261. 10 (b), construction, reconstructing, improving, maintaining, occupying or using a residence on National Forest System lands unless authorized by a special-use authorization or approved operating plan when such authorization is required. DORIA was also charged with violations of 36 CFR 261.3 (a), Threatening, resisting, intimidating, or interfering with a forest officer engaged in the performance of his official duties and 36 CFR 261. 58 (e), camping in a prohibited area. DORIA was issued a warning for 21 USC 844, possession of a controlled substance - marijuana.



| USDA Forest Service | **STATEMENT OF PROBABLE CAUSE** | CASE NUMBER **FDVI007W** |
|---|---|---|

The foregoing is based upon:
- **X**    My personal observations.
- ___ My personal investigation.
- ___ Information supplied to me from a fellow officer's observations.
- ___ Other (explained above).

I declare under penalty of perjury that the information which I have set forth above and on the face of the Violation Notice is true and correct to the best of my knowledge.

Executed on April 8, 2023

*C. Roper*

Law Enforcement Officer C. Roper

Probable Cause has been stated for the issuance of a summons or a warrant for the arrest of the violator named or identified herein.

_____
(Date)

Camille D Bibles
Digitally signed by Camille D Bibles
Date: 2023.04.09 08:05:06 -07'00'

(United States Magistrate-Judge)

# United States District Court
## Violation Notice

(Rev. 1/2019)

| Location Code | Violation Number | Officer Name | Officer No. |
|---|---|---|---|
| A51 | FDVI007X | Roper | 2331 |

### YOU ARE CHARGED WITH THE FOLLOWING VIOLATION

| Date and Time of Offense | Offense Charged | ☐CFR ☐USC ☐State Code |
|---|---|---|
| 04/08/2023  15:15 | FED  36CFR  261.58E | |

**Place of Offense**
FR 9571 & HWY 89A

**Offense Description: Factual Basis for Charge**  HAZMAT ☐
CAMPING IN A PROHIBITED AREA, PER FOREST ORDER # 03-04-06-23-03

### DEFENDANT INFORMATION   Phone:

| Last Name | First Name | M.I. |
|---|---|---|
| DORIA | DANIEL | T |

**Street Address**

| City | State | Zip Code | Date of Birth (mm/dd/yyyy) |
|---|---|---|---|
| CAMP VERDE | AZ | 86322 | 983 |

| Drivers License No. | CDL ☐ | D.L. State | Social Security No. |
|---|---|---|---|
| | | AZ | '51 |

| ☒Adult ☐Juvenile | Sex ☒ Male ☐ Female | Hair BR | Eyes HA | Height 5'10" | Weight 225 |

### VEHICLE  VIN:  CMV ☐

| Tag No. | State | Year | Make/Model | PASS ☐ | Color |
|---|---|---|---|---|---|
| | AZ | 2003 | BMW | | GRY |

| APPEARANCE IS REQUIRED | APPEARANCE IS OPTIONAL |
|---|---|
| A ☒ If Box A is checked, you must appear in court. See instructions. | B ☐ If Box B is checked, you must pay the total collateral due or in lieu of payment appear in court. See instructions. |

| | Forfeiture Amount |
|---|---|
| $30.00 | Processing Fee |
| **PAY THIS AMOUNT AT** | |
| www.cvb.uscourts.gov → | **Total Collateral Due** |

### YOUR COURT DATE
(If no court appearance date is shown, you will be notified of your appearance date by mail.)

| Court Address | Date (mm/dd/yyyy) |
|---|---|
| 123 N. San Francisco St | |
| Flagstaff, AZ 86001 | Time (hh:mm) 10:00 |

My signature signifies that I have received a copy of this violation notice. It is not an admission of guilt. I promise to appear for the hearing at the time and place instructed or in lieu of appearance pay the total collateral due.

X Defendant Signature _____

Officer's Copy (Pink)

---

### STATEMENT OF PROBABLE CAUSE
(For issuance of an arrest warrant or summons)

I state that on April 8, 2023  while exercising my duties as a law enforcement officer in the _____ District of AZ

I state than on April 8, 2023 while exercising my duties as a Law Enforcement Officer in the District of Arizona I, USDA Forest Service Law Enforcement Officer (LEO) Roper, was on uniformed patrol in a marked patrol vehicle within the jurisdiction of the Coconino National Forest.

At approximately 1500 hours I contacted Daniel DORIA (identified by AZ ID card) at his camp near Forest Route (FR) 9571 and Highway 89A. A USFS recreation employee contacted me earlier that day to report that he felt threatened by DORIA when he was patrolling that road and educating campers about the camping closure there. Upon arriving, I spoke with DORIA about the purpose and length of his stay at that location. DORIA informed me that he had been camped there since approximately Wednesday, April 5, 2023. This was corroborated by a neighboring camper who stated that he arrived at the same location on Thursday April 6, 2023, and this neighbor reported that DORIA was already camping at that location by the time he arrived and had been there every day since Thursday.

The camping closure in this area is marked and advertised in a variety of ways. The first, and most obvious, was that there was a large sign visible from the front steps of RUBIO's trailer and adjacent to FR 9571 that reads "camping/campfires prohibited beyond this point, per 36 CFR 261.52 (a) and 36 CFR 361.58 (e), Up to $5000 fine and/or 6 months in jail." This sign is also duplicated about a mile away, on Highway 89A northbound at the camping closure boundary. The second way this law is denoted is on the Coconino National Forest webpage, as well as in press releases in local news, with stories dating back nearly a year. The third way this camping restriction is denoted is on the Coconino National Forest Motor Vehicle Use Map (MVUM), with FR 9571 and the surrounding area marked as a "camping and campfire restrictions" area.

I had a prior contact with DORIA on April 4, 2023. At that time I was assisting Yavapai Apache Police, due to the fact that DORIA was camping on their land illegally, and DORIA stated his intention to move less than 100 feet away onto adjoining National Forest System lands. During the course of that contact I educated DORIA about the camping stay limit regulations, no residential use on National Forest System lands, fire restrictions, sanitation, and I provided him with a Coconino National Forest MVUM as well as a Red Rock District Recreation Guide. Both publications have maps indicating that DORIA was camped in a closed area, and the MVUM was still on his kitchen table when we performed an inventory of his property.

I arrested DORIA for a violation of 36 CFR 261.58 (e), camping in a prohibited area per forest order # 03-04-06-23-03. DORIA was also charged with violations of 36 CFR 261.3 (a) and 36 CFR 261.10 (b).

The foregoing statement is based upon:

MY PERSONAL INVESTIGATION

I declare under penalty of perjury that the information which I have set forth above and on the face of this violation notice is true and correct to the best of my knowledge.

Executed on: 04/08/2023     C. Roper
                Date (mm/dd/yyyy)       Officer's Signature

☒ Probable cause has been stated for the issuance of a warrant.

Executed on: **Camille D Bibles**  Digitally signed by Camille D Bibles
                Date: 2023.04.09 08:05:59 -07'00'
                Date (mm/dd/yyyy)       U.S. Magistrate Judge

**HAZMAT** = Hazardous material involved in incident;  **PASS** = 9 or more passenger vehicle;
**CDL** = Commercial drivers license;  **CMV** = Commercial vehicle involved in incident



| USDA | STATEMENT OF PROBABLE CAUSE | CASE NUMBER |
| Forest Service | | FDVI007X |

| FOREST | ADDRESS |
| Coconino National Forest | 8375 State Route 179, PO Box 20429, Sedona, AZ 86341 |

I state than on April 8, 2023 while exercising my duties as a Law Enforcement Officer in the District of Arizona I, USDA Forest Service Law Enforcement Officer (LEO) Roper, was on uniformed patrol in a marked patrol vehicle within the jurisdiction of the Coconino National Forest.

At approximately 1500 hours I contacted Daniel DORIA (identified by AZ ID card) at his camp near Forest Route (FR) 9571 and Highway 89A. A USFS recreation employee contacted me earlier that day to report that he felt threatened by DORIA when he was patrolling that road and educating campers about the camping closure there. Upon arriving, I spoke with DORIA about the purpose and length of his stay at that location. DORIA informed me that he had been camped there since approximately Wednesday, April 5, 2023. This was corroborated by a neighboring camper who stated that he arrived at the same location on Thursday April 6, 2023, and this neighbor reported that DORIA was already camping at that location by the time he arrived and had been there every day since Thursday.

The camping closure in this area is marked and advertised in a variety of ways. The first, and most obvious, was that there was a large sign visible from the front steps of RUBIO's trailer and adjacent to FR 9571 that reads "camping/campfires prohibited beyond this point, per 36 CFR 261.52 (a) and 36 CFR 361.58 (e), Up to $5000 fine and/or 6 months in jail." This sign is also duplicated about a mile away, on Highway 89A northbound at the camping closure boundary. The second way this law is denoted is on the Coconino National Forest webpage, as well as in press releases in local news, with stories dating back nearly a year. The third way this camping restriction is denoted is on the Coconino National Forest Motor Vehicle Use Map (MVUM), with FR 9571 and the surrounding area marked as a "camping and campfire restrictions" area.

I had a prior contact with DORIA on April 4, 2023. At that time I was assisting Yavapai Apache Police, due to the fact that DORIA was camping on their land illegally, and DORIA stated his intention to move less than 100 feet away onto adjoining National Forest System lands. During the course of that contact I educated DORIA about the camping stay limit regulations, no residential use on National Forest System lands, fire restrictions, sanitation, and I provided him with a Coconino National Forest MVUM as well as a Red Rock District Recreation Guide. Both publications have maps indicating that DORIA was camped in a closed area, and the MVUM was still on his kitchen table when we performed an inventory of his property.

I arrested DORIA for a violation of 36 CFR 261. 58 (e), camping in a prohibited area per forest order # 03-04-06-23-03. DORIA was also charged with violations of 36 CFR 261.3 (a), Threatening, resisting, intimidating, or interfering with a forest officer engaged in the performance of his official duties and 36 CFR 261. 10 (b), residential use of National Forest System lands without authorization. DORIA was issued a warning for 21 USC 844, possession of a controlled substance - marijuana.

**The foregoing is based upon:**



| USDA<br>Forest Service | STATEMENT OF PROBABLE CAUSE | CASE NUMBER<br>FDVI007X |
|---|---|---|

__X__ My personal observations.
____ My personal investigation.
____ Information supplied to me from a fellow officer's observations.
____ Other (explained above).

I declare under penalty of perjury that the information which I have set forth above and on the face of the Violation Notice is true and correct to the best of my knowledge.

Executed on April 8, 2023

*C. Roper*

Law Enforcement Officer C. Roper

Probable Cause has been stated for the issuance of a summons or a warrant for the arrest of the violator named or identified herein.

_____
(Date)

Camille D Bibles
Digitally signed by Camille D Bibles
Date: 2023.04.09 08:07:20 -07'00'

(United States Magistrate-Judge)