WRITTEN RECORD OF PLEA AGREEMENT
U.S. MAGISTRATE JUDGE
FLAGSTAFF, ARIZONA

FILED ✓    LODGED ___
RECEIVED ___    COPY ___

JUN 2 3 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

CASE NO.: 23-04082-MJ-01-PCT-CDB

UNITED STATES OF AMERICA v. **DANIEL THOMAS DORIA**

**VIOLATION(S) PLEADING GUILTY TO:**
**FDVI007V:** Resisting/Interfering with a Forest Officer, in violation of Title 36, Code of Federal Regulations, Section 261.3(a), a Class B misdemeanor.

MAXIMUM FINE (18 U.S.C. § 3571(b)):  $5,000.00 per count
MAXIMUM IMPRISONMENT (36 C.F.R. § 261.1b):  Six months per count
MAXIMUM PROBATION (18 U.S.C. §§ 3561, 3583):  Five years' probation
MANDATORY SPECIAL ASSESSMENT (18 U.S.C. § 3013): $10.00 per count

**RULE 11(c)(1)(C), Fed. R. Crim. P., STIPULATED SENTENCE**
**Violation Notice FDVI007V:** The defendant shall be sentenced to one year of supervised probation. In addition to the mandatory and standard conditions of supervision set forth in General Order 17-18, as well as any terms of supervision that the Court deems appropriate, the defendant shall abide by the following supervision conditions (with the specific language of those conditions to be in the discretion of the Court):

1. You are banned from the Coconino, Kaibab, Prescott, and Apache-Sitgreaves National Forests, with the exception of traveling through those areas on any federal, state, and/or local highways or roads.
2. You shall have no contact with forest employees I.S., T.W., L.D., and A.R.

The parties stipulate and agree that the submission of drug testing under Mandatory Condition #3 shall be suspended.

Fine, in addition to the mandatory special assessment of $10.00, in the discretion of the Court.

**RESTITUTION:** Not applicable.

**DISPOSITION OF ADDITIONAL CHARGES:** If the plea and stipulated sentence is accepted by the Court, the United States Attorney's Office agrees that it

Page 1 of 5

will: (1) dismiss with prejudice citations FDVI007W and FDVI007X (A51) at the conclusion of sentencing; (2) not file any additional charges pertaining to the facts set forth in the probable cause statements for the above-referenced citations; and (3) not refer the matters to the state or local authorities for prosecution.

The defendant understands that if state and/or local law enforcement officers assisted in the investigation, nothing in this agreement prohibits the United States from cooperating with or providing information to any state or local jurisdiction if information from those entities is so requested.

**ELEMENTS OF OFFENSE(S):** On or about April 8, 2023, in the District of Arizona, in the Coconino National Forest:,

> **Violation Notice FDVI007V - Resisting/Interfering with a Forest Officer:** The defendant did threaten, resist, intimidate, or interfere with a forest officer engaged in or on account of the performance of his official duties in the protection, improvement, or administration of the National Forest System. 36 C.F.R. § 261.3(a).

**FACTUAL BASIS:** I admit that the following facts are true and correct to the best of my knowledge and belief:

> I admit that on April 8, 2023, I was contacted by two United States Forest Service (USFS) Officers, Forest Protection Officer, L.D., and recreation employee, A.R., about camping in a prohibited area in the Coconino National Forest. The location of my campsite was at the intersection of Highway 89A and Forest Route 9571, on the Coconino National Forest, in the District of Arizona.
>
> I admit that during this contact I approached and spoke with forest officers in an aggressive manner. I admit I told forest officers, "I've dealt with people like you before." I admit that when forest officers were discussing the 14-day camping limit, I stated something to the effect of "well then why don't you come back in 14 days," which they may have construed as threatening. I admit that I then went in the direction of my trailer and the two forest officers promptly left the area without issuing a citation. I admit

that I was contacted later by three uniformed forest officers, at which time I was issued citations.

I admit that the forest officers were engaged in the performance of their official duties when they contacted me and that my conduct toward them was intimidating and resulted in an interference of those duties.

I hereby plead guilty to the charges set forth above.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

I have carefully reviewed every part of this statement with my attorney. I understand it, and I voluntarily agree and enter into it.

I, **Daniel Thomas Doria**, understand that the above sentencing provision is binding upon the Court if the court accepts my guilty plea under this plea agreement.

If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's

change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

By pleading guilty, I will be giving up my rights: to plead not guilty; to confront, cross-examine and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination – all with the assistance of counsel – and to be presumed innocent until proven guilty beyond a reasonable doubt. I understand that pleading guilty may have consequences with respect to immigration status to the extent that I am a recently naturalized United States citizen or not a citizen of the United States.

I waive my right to trial, agree to enter my plea before and to be sentenced by a U.S. Magistrate Judge, and waive any right to appeal or otherwise challenge my conviction. In particular, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment, the complaint, the information, or the citation; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including (but not limited to) any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel (if applicable) or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

The nature of the charge(s) and the possible penalties have been explained to me, and there is a factual basis for each charge to which I am pleading guilty. I understand that the Court may later modify the terms and conditions of any probation or supervised release ordered as part of my sentence. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines (to the extent applicable), the factors set forth in 18 U.S.C. § 3553, and any stipulations set forth in this plea agreement. I further understand and agree that, to the extent applicable, any recommended Sentencing Guidelines Calculations are not binding on the Court.

My guilty plea is not the result of force, threats, or promises other than any promises contained in this written agreement.

I am not under the influence of alcohol or drugs, and I am fully capable of understanding this agreement. I enter into this agreement knowingly and voluntarily.

_____     6-23-2023
Daniel Thomas Doria                 Date
Defendant

_____     6/23/23
Luke Mulligan, AFPD.                Date
Attorney for Defendant

_____     6/23/23
Dondi J. Osborne                    Date
Assistant United States Attorney

_____     6/23/2023
Camille D. Bibles                   Date
U.S. Magistrate Judge


__✓__ ACCEPTED        _____ REJECTED